James L. Martin, Petitioner *v.* Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Vocational Rehabilitation, Respondent.

Submitted on briefs May 9, 1983, to Judges ROGERS, BLATT and DOYLE, sitting as a panel of three.

*James L. Martin*, petitioner, for himself.

*Marybeth A. Stanton*, Deputy Attorney General, with her *Mary Ellen Krober*, Deputy Attorney General, *Allen C. Warshaw*, Deputy Attorney General, Chief of Special Litigation Section, and *LeRoy S. Zimmerman*, Attorney General, for respondent.

OPINION BY JUDGE BLATT, July 7, 1983:

James L. Martin (petitioner) appeals an order of the State Board of Vocational Rehabilitation (Board) which upheld an action of respondent Bureau of Voca-

tional Rehabilitation (Bureau) denying him vocational rehabilitation assistance in the form of financial aid for law school tuition. Vocational Rehabilitation Act of 1945, Act of May 22, 1945, P.L. 849, *as amended*, 43 P.S. §§681.1-.11; Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. §723(3).[1]

The petitioner has been diagnosed as a paranoid schizophrenic in remission. In 1980 he became enrolled in an accredited law school where he is still enrolled.[2] The Board found that: he had been graduated with honors from college; from 1975 until 1978, he worked on his parents' farm and on a copyright infringement case for a publishing company; from 1978 until 1980, he was employed on a salary and commission basis analyzing businesses and rendering tax advice; he voluntarily terminated this latter employment toward the end of 1979 but continued independently to do tax work for clients and he has continued to do such work throughout the time he has been in law school. The Bureau found him ineligible for vocational rehabilitation services. The Board, adopting a Hearing Examiner's Report, affirmed this determination on the basis that the petitioner had failed to establish that he suffers from a disability providing a substantial handicap to employment, and that vocational rehabilitation services would reasonably be expected to benefit him in terms of employability. The Board also agreed with the Hearing Examiner's conclusion that the petitioner was employed in a field consistent with his educational

---

[1] For amplification of the interrelationship between the Commonwealth and federal acts, see *Cook v. Bureau of Vocational Rehabilitation*, 45 Pa. Commonwealth Ct. 415, 405 A.2d 1000 (1979).

[2] The record reveals that the petitioner answered "no" to a question on the law school's application which asked if he had been committed to a mental institution or had undergone mental treatment.

background and skills when he voluntarily chose to terminate his employment and enroll in law school and that he is not a severely handicapped individual as defined by 45 C.F.R. §1361.1.

The first issue raised before us by the petitioner is whether or not he has satisfied the conditions of eligibility for vocational services provided under the Rehabilitation Act,[3] and we note that this requires him to establish that he has a disability which constitutes a "substantial handicap to employment." 45 C.F.R. §1361.33. Additionally, the Act requires him to establish that the assistance requested can reasonably be expected to benefit his "employability." *Id.* A "substantial handicap to employment" under the Act

> means that a physical or mental disability (in light of attendant medical, psychological, vocational, educational and other related factors) impedes an individual's occupational performance, by preventing his obtaining, retaining, or preparing for employment consistent with his capacities and abilities.

*Id.* It is clear, therefore, that the issue before us is consequently reduced to whether or not the petitioner, at the time he applied for assistance, had a substantial handicap which impeded his employability.

Our review of the record discloses ample evidence to support a conclusion that the petitioner had the ability, and has continued to exercise his talent, for securing and succeeding at employment consistent with his capacities and abilities in spite of his condition. And, even though he offered testimony which suggested that he was often barred from employment opportunities, the fact finder, who is the ultimate arbiter of conflicting evidence, chose to reject or assign little weight to this evidence. We agree, therefore, that the

---

[3] *See* Footnote 1 *supra.*

petitioner's disability did not rise to the level of a substantial handicap to employment under 45 C.F.R. §1361.33.

The petitioner argues next that he is "severly handicapped" and therefore entitled under 29 U.S.C. §701(1) to tuition on a priority basis. He further contends that, should this argument not be found to have merit, he will be denied equal protection of the law because of this Court's determination in *Cook v. Bureau of Vocational Rehabilitation*, 45 Pa. Commonwealth Ct. 415, 405 A.2d 1000 (1979).

Inasmuch as we have found that the petitioner had not demonstrated a "substantial handicap," under the Rehabilitation Act it follows that we must also reject his argument that he is "severely handicapped" and proceed to his equal protection argument.

The petitioner notes that we found the applicant in *Cook*, who was a hemophiliac, to be "severely handicapped." He argues, consequently, that he has been denied equal protection of the law in that the Bureau has impermissibly treated him differently. Clearly, however, the facts and the nature of the disability in *Cook* and those in the instant matter differ. Moreover, in *Cook* we did not decide as a matter of law that the applicant was eligible for law school tuition but rather remanded the case due to the incomplete status of the record. We find no indication here that either the Bureau or the Board made any improper distinction, or discriminated in any way, between hemophiliacs and paranoid schizophrenics in remission. Nor can they be said to have determined that the former would be eligible for assistance while the latter would not; rather, they merely held that this particular paranoid schizophrenic in remission, in view of the evidence presented here, was ineligible.

For the foregoing reasons we will affirm the Board's order.

ORDER

AND Now, this 7th day of July, 1983, the order of the State Board of Vocational Rehabilitation in the above-captioned matter is hereby affirmed.