■ D.B.C.G., INC., Respondent, v TOWN OF RAMAPO et al., Appellants. — In a proceeding pursuant to CPLR article 78 to compel the issuance of a building permit to petitioner so that renovations could be made to its property in order to operate a residence for the mentally retarded under the provisions of the Mental Hygiene Law, the appeal (by permission) is from so much of an order of the Supreme Court, Rockland County (Miller, J.), dated April 22, 1983, as denied those branches of defendants' motion which sought dismissal of so much of the proceeding as sought other relief in addition to money damages, and directed them to submit an answer. This appeal brings up for review so much of an order of the same court, dated July 14, 1983, as, upon reargument, adhered to its original determination. Appeal from the order dated April 22, 1983, dismissed, without costs or disbursements. That order was superseded by the order dated July 14, 1983, made upon reargument. Order dated July 14, 1983 modified by adding a provision severing petitioner's claim pursuant to section 40-d of the Civil Rights Law and converting said claim into a plenary action. As so modified, order affirmed insofar as reviewed, without costs or disbursements. The order dated April 22, 1983 is modified accordingly. A proceeding pursuant to CPLR article 78 to compel a body or officer to perform a duty imposed upon it or him by law must be brought against the body or officer whose performance is sought (CPLR 7803), and here that person is the Building Inspector of the Town of Ramapo. However, the zoning board of appeals also was properly made a party as it, too, is authorized to issue the permit in question under subdivision 5 of section 267 of the Town Law. Further, as it appears that a question may arise concerning the validity of the town's zoning ordinances, in that they may conflict with subdivision (f) of section 41.34 of the Mental Hygiene Law, the petition shall not be dismissed as to the town (see *Matter of Ozols v Henley,* 81 AD2d 670). While Special Term correctly determined that petitioner could seek relief under section 40-d of the Civil Rights Law, we are of the opinion that such a claim is not properly raised

in a proceeding pursuant to CPLR article 78, and have ordered it to be severed (CPLR 7803, 7806, 1003). Prior to the commencement of the instant proceeding, petitioner had brought another proceeding pursuant to CPLR article 78 against the Town of Ramapo only, but seeking nearly identical relief as that which is sought here, specifically, the issuance of a building permit, damages for having refused to issue such permit, and the imposition of a penalty under section 40-d of the Civil Rights Law. By order dated October 31, 1983, this court modified an order of the Supreme Court, Rockland County (Meehan, J.), which, *inter alia,* had dismissed that part of the proceeding that sought damages, by directing that the Building Inspector of the Town of Ramapo be added as a party, and directing that the Civil Rights Law claim be severed (*D.B.C.G., Inc. v Town of Ramapo,* 97 AD2d 533). The only apparent difference between that earlier proceeding and the instant one is that the instant proceeding includes the building inspector and the zoning board of appeals as parties, and alleges that subsequent to the commencement of the first proceeding, appellants again wrongly denied petitioner the building permit in question on yet another ground. As petitioner can obtain complete relief in the instant proceeding, including any relief sought in the earlier proceeding, that earlier proceeding should now be discontinued. Mangano, J. P., Gibbons, Weinstein and Brown, JJ., concur.