Nancy STEVENSON, Petitioner,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF LABOR AND INDUSTRY, Commonwealth of Pennsylvania, Office of Vocational Rehabilitation and Gil Selders, Acting in His Official Capacity as Executive Director of the Pennsylvania Office of Vocational Rehabilitation, Respondents.

Commonwealth Court of Pennsylvania.

Argued June 9, 1994.
Decided Sept. 14, 1994.

Henry Leone, for petitioner.

Elaine Lytle Mead, Deputy Chief Counsel, for respondents.

Before McGINLEY and KELLEY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Nancy Stevenson (Stevenson) petitions for review of a final determination of the Executive Director of the Office of Vocational Rehabilitation (OVR) which denied Stevenson's request for further vocational rehabilitation services.

The factual and procedural history of this case is as follows. On January 3, 1990, Stevenson sought vocational rehabilitation services from the OVR. Specifically, Stevenson sought financial assistance to help pay educational expenses for her attendance of classes at Clarion University while pursuing an associate degree program in accounting. Thereafter, Stevenson sought further assistance to attend a bachelor's degree program.

On May 3, 1990, Stevenson was found eligible for OVR services based upon a finding that she had a vocationally handicapping disability [1] and that there was a reasonable expectation that such services would benefit her in terms of employability. Stevenson completed the requirements for a bachelor's degree in accounting which was awarded in May of 1991.

In the interim, Stevenson expressed a desire to proceed with her education and to pursue a master's degree after obtaining her bachelor's degree. A letter dated October 29, 1990 was submitted by Stevenson's treating psychologist to the OVR counselor working with Stevenson's rehabilitation. The letter indicated that it would be necessary for Stevenson to stay in school to complete an MBA program in which she was enrolled in order to cope with the stresses of the work world and enable her to become more competitive and lead to a more secure future.

In response to this letter, the OVR issued a determination on November 6, 1990, denying Stevenson's request for additional rehabilitative services to assist in obtaining her master's degree. In its determination, the OVR specifically indicated they were of the opinion that Stevenson's "attainment of a Baccalaureate degree in accounting has enabled you to acquire employment consistent with your capacities and abilities." The OVR concluded that Federal legislation and regulations do not provide them the authority to assist Stevenson in efforts to attain a post-baccalaureate degree. It is from this determination that Stevenson now appeals to this court.[2]

Stevenson presents three issues for our consideration. First, she argues the determination of the OVR is not supported by substantial evidence. Second, she asserts the OVR did not follow applicable Federal rules, regulations and statutes. Third, and finally, Stevenson argues the OVR erred in reversing the decision of the Impartial Hear-

---

1. Stevenson's disability arose from both a psychiatric impairment and an orthopedic impairment. *See* Record Document 12, Ex. C–3.

2. Our scope of review is limited to a determination of whether the findings of fact are supported by substantial evidence, an error of law was committed, or whether constitutional rights have been violated. 2 Pa.C.S. § 704; *Harmony Volunteer Fire Company & Relief Assoc. v. Pennsylvania Human Relations Commission*, 73 Pa.Commonwealth Ct. 596, 459 A.2d 439 (1983).

ing Officer because the OVR may not overturn such a decision unless the Director of the OVR concludes, based upon clear and convincing evidence, that the decision is clearly erroneous. In sum, the three issues presented by Stevenson in this case all concern the extent of services which the OVR must provide to a person who has been determined to be eligible for OVR services.

■ With regard to the first issue, we first note that substantial evidence necessary to support findings of an administrative agency is defined as such relevant evidence which a reasonable mind might accept as adequate to support a conclusion. *Wittco Fashions v. Workmen's Compensation Appeal Board (O'Neil),* 118 Pa.Commonwealth Ct. 126, 544 A.2d 559 (1988). Herein, Stevenson argues that the OVR presented no evidence which would support the denial of her request for further rehabilitative services. Rather, asserts Stevenson, the OVR merely relied upon a policy of not providing financial assistance for graduate degrees.

Stevenson argues that the reliance of the OVR on pure policy considerations without any supporting evidence did not overcome the presumption that Stevenson can benefit from additional services and did not constitute the requisite clear and convincing evidence that she is incapable of benefitting from the rehabilitative services.

■ Regarding the clear and convincing evidence standard advanced by Stevenson and listed as her third or final issue, we address this standard in conjunction with the substantial evidence argument first advanced by Stevenson because they are related issues. We first point out that Stevenson sets forth the standard under which the OVR may overturn a decision of an impartial hearing officer as follows:

(B) If the Director decides to review the decision, such individuals shall be provided an opportunity for the submission of additional evidence and information relevant to a final decision.

(C)(i) *The Director may not overturn* or modify *a decision of an impartial hearing officer,* or part of such decision, that supports the position of the individual *unless*

*the Director concludes, based on clear and convincing evidence,* that the decision of the independent hearing officer is clearly erroneous on the basis of being contrary to Federal or State law, including policy.

29 U.S.C. § 722(d)(3)(B) and (C). (Emphasis added.) This standard was enacted by Pub.L. 102–569, Title I, §§ 102(p)(8), 123, October 29, 1992, 106 Stat. 4357, 4375, and, thus, was not the standard in effect when the OVR, on April 6, 1992, overturned the decision of the Impartial Hearing Officer that OVR should provide Stevenson with services necessary to obtain an MBA.

Rather, the standard in effect at the time the OVR reviewed the decision in dispute was as follows:

(3)(A) Within 20 days of the mailing of the decision to the individual with handicaps (or, in appropriate cases, such individual's parents or guardians), the Director shall notify such individuals of the intent to review such decision in whole or in part.

(B) If the Director decides to review the decision, such individuals shall be provided an opportunity for the submission of additional evidence and information relevant to a final decision.

(C) A final decision shall be made in writing by the Director and shall include a full report of the findings and the grounds for such decision. When a final decision is made, a copy of such decision shall be provided to such individuals.

29 U.S.C. § 722(d)(3)(A–C). Clearly, at the time the OVR reviewed and overturned the decision of the Impartial Hearing Officer, the OVR was not required to meet the clear and convincing evidence standard presently in existence.

■ As revealed by our review of the record, the OVR did meet its requisite burden of evidence in existence at the time of the reversal of the decision regarding Stevenson's entitlement to further vocational rehabilitation services. Contrary to Stevenson's argument, testimony and exhibits were presented by the OVR demonstrating that available positions existed for persons with baccalaureate degrees in accounting.

Glenn Blair, a vocational rehabilitation counselor employed by the OVR for thirteen years, testified regarding his knowledge of the general availability of employment and the characteristics that make a person employable. He further testified that there were many jobs available for an individual who possessed a bachelor's degree in accounting. See O.R. Item No. 11 at pp. 4–7.

Additionally, the OVR introduced information indicating that many positions were available for an individual with a bachelor's degree in accounting. This information consisted of newspaper advertisements, computer software on careers in Pennsylvania, and civil service commission information. See O.R. Item No. 11, Exhibit 7. Testimony also indicated the OVR was ready to assist Stevenson in finding employment, including direct placement and referrals through the Job Center. See O.R. Item No. 11 at p. 7. Such evidence substantially supports the determination of the OVR.

With regard to Stevenson's assertion that the determination of the OVR is in violation of the Federal Rehabilitation Act of 1973, 29 U.S.C. §§ 701–796i (Federal Act), we note that the Federal Act authorizes federal grants to assist states in operating vocational rehabilitation programs to provide needed services to handicapped individuals. Agencies receiving such assistance are subject to the mandates of the Federal Act and its governing regulations. *See Department of Labor and Industry, Office of Vocational Rehabilitation v. Pennsylvania Human Relations Commission,* 118 Pa.Commonwealth Ct. 163, 545 A.2d 412 (1988).

The purpose of the Federal Act is generally stated as follows:

(1) to empower individuals with disabilities to maximize employment, economic self-sufficiency, independence, and inclusion and integration into society ...

(2) to ensure that the Federal Government plays a leadership role in promoting the employment of individuals with disabilities, especially individuals with severe disabilities, and in assisting States and providers of services in fulfilling the aspirations of such individuals with disabilities for meaningful and gainful employment and independent living.

The Vocational Rehabilitation Act, Act of December 20, 1988, P.L. 1306, 43 P.S. §§ 682.1–682.11 (Rehabilitation Act), was enacted in this Commonwealth to implement the Federal Act. The purpose of the Rehabilitation Act is:

to develop and implement comprehensive and coordinated programs of vocational rehabilitation to meet the current and future needs of individuals with disabilities in order to maximize their employability, independence and integration into the workplace and the community.

43 P.S. § 682.2.

The regulations promulgated under the Federal Act define "employability" as follows:

*Employability* means a determination that, with the provision of vocational rehabilitation services, the individual is likely to enter or retain, as a primary objective, full-time employment, or if appropriate, part-time employment, consistent with the capacities or abilities of the individual in the competitive labor market....

34 C.F.R. § 361.1. The regulations do not define "suitable employment" but this term is utilized throughout the regulations. See 34 C.F.R. § 361.40(a), 41(a)(13), 42(a)(12) and (13), 43(a)(4).

■ It would be unreasonable and impractical to require that the "highest level of education achievable" be granted in every case of providing an individual with rehabilitation services. Rather, the goal of attaining suitable employment is a highly individualized determination which is to be made on a case-by-case basis.[3] The scope of services to be provided, and the level of education pursued, appears to be related to the degree of vocational disability, and not the attainment of the highest level of education achievable.

■ The requirement for suitable employment does not mean that OVR must always consider the optimal or ultimate level

---

3. See O.R. Item No. 12, Exhibit 9, Department of Education, Rehabilitation Services Administration Memorandum regarding "Suitable Employment".

of education sought by the vocationally disabled individual. Rather, the determination is one of whether the services provided by the OVR afford the individual the ability to secure employment consistent with such person's capacities and abilities. *See Martin v. Pennsylvania Department of Labor and Industry, Bureau of Vocational Rehabilitation,* 75 Pa.Commonwealth Ct. 403, 461 A.2d 1351 (1983). From the evidence of record, Stevenson was afforded such an opportunity by the OVR.

Accordingly, on the basis of the foregoing, the determination of the OVR that Stevenson is not entitled to any further vocational rehabilitation services is affirmed.

### ORDER

AND NOW, this 14th day of September, 1994, the order of the Executive Director of the Office of Vocational Rehabilitation is affirmed.