■ In the Matter of NATHAN COHEN, Petitioner, v NEW YORK STATE EDUCATION DEPARTMENT, OFFICE OF VOCATIONAL AND EDUCATIONAL SERVICES FOR INDIVIDUALS WITH DISABILITIES, et al., Respondents. [619 NYS2d 177] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondents which denied petitioner's request for sponsorship at an out-of-State residential program for persons with spina bifida.

Petitioner, who is afflicted with spina bifida, sought vocational services from respondent Office of Vocational and Educational Services for Individuals with Disabilities (hereinafter VESID) in 1990. He was referred to the Rusk Institute of

Rehabilitative Medicine at New York University Medical Center (hereinafter IRM) for a full diagnostic and vocational evaluation, which revealed that he had the ability to perform adequately in college but that he needed support services.

In September 1991, petitioner entered college but was unable to remain in the dormitory as he had difficulty in managing his personal hygiene and self-care. He then returned to IRM for special work and personal adjustment training. Due to his failure to address the issues of hygiene and self-care, a nurse from IRM was assigned to work with petitioner once a week from August 1992 through January 1993. As a result of his lack of improvement, petitioner was referred to the Gatehouse Independent Living Rehabilitation and Training Program (hereinafter Gatehouse) in Pennsylvania, an inpatient program focusing on individuals with spina bifida.

Petitioner entered Gatehouse in March 1993 and applied to VESID for payment of his expenses. VESID's denial of petitioner's application was affirmed following a fair hearing on the ground that there were comparable programs available to petitioner in this State. After respondent Deputy Commissioner of VESID declined to review the fair hearing decision, petitioner commenced this CPLR article 78 proceeding challenging the administrative determination and seeking damages.

Initially, because petitioner's third and fourth causes of action seeking damages raise issues that have not been fully developed in the record and are beyond the parameters of a CPLR article 78 proceeding, we shall sever these causes of action (see, Davidson v Capuano, 792 F2d 275; D.B.C.G., Inc. v Town of Ramapo, 99 AD2d 502; Matter of Leisner v Bahou, 97 AD2d 860, appeal dismissed 61 NY2d 985, appeal dismissed in part and denied in part 62 NY2d 940, cert denied 469 US 1087).

When, as here, an agency determination is made following an evidentiary hearing, the determination must be upheld if supported by substantial evidence (see, Matter of Bevacqua v Sobol, 176 AD2d 1, 3). Substantial evidence is "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 180).

The record shows that VESID is precluded from providing out-of-State training except where the client needs a special program or training which is not available in this State (see, 8

NYCRR 247.13 *[l]* [2] [vi] *[a])*. VESID established that the exception was not applicable here through the testimony of its regional coordinator, who stated that there were vocational programs available in New York, particularly at IRM and at Westchester Independent Living Center, that were equivalent to the program at Gatehouse. While petitioner presented countervailing testimony to the effect that the Gatehouse program had no counterpart in New York, the duty of weighing the evidence and resolving issues of credibility rests solely within the province of the administrative agency and we may not reject its choice *(see, Matter of Berenhaus v Ward,* 70 NY2d 436, 444; *Matter of Gatto v Adduci,* 182 AD2d 760). Thus, applying the appropriate criteria to this record, we shall confirm respondents' determination as we find that it is supported by substantial evidence.*

Cardona, P. J., Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, the first and second causes of action in the petition are dismissed, and the third and fourth causes of action in the petition are severed and converted into a plenary action.

---

* We note that petitioner attempts to rely on evidence submitted after the fair hearing to VESID's Deputy Commissioner. As there is no basis for supplementing the record if the Deputy Commissioner declines to review a fair hearing decision *(see,* 8 NYCRR 247.3 [o] [1]; *see also,* 29 USC § 722 [d] [3] [B]), our review is limited to the record developed at the fair hearing *(see, Matter of Mott v New York State Div. of Hous. & Community Renewal,* 191 AD2d 566).