■ In the Matter of JEANNE ROMANO, Petitioner, v OFFICE OF VOCATIONAL AND EDUCATIONAL SERVICES FOR INDIVIDUALS WITH DISABILITIES et al., Respondents. [636 NYS2d 179] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondents which denied petitioner's request for graduate school funding.

Petitioner, a disabled individual, has an agreed-upon "individualized written rehabilitation program" (hereinafter IWRP) with respondent Office of Vocational and Educational Services for Individuals with Disabilities (hereinafter VESID) with a declared vocational goal of "social work". Pursuant to the IWRP, VESID funded petitioner in a two-year Associate's degree program in human services. When it was determined that petitioner's employment opportunities were limited with an Associate's degree, VESID and petitioner agreed upon an amended IWRP providing for a Bachelor's degree in social work. As she approached the completion of her Bachelor's degree, petitioner s ought to have her IWRP amended to provide for a Master's degree in social work. Upon VESID's refusal to accede to her request for funding, petitioner

requested a fair hearing. When the Hearing Officer upheld VESID's position, petitioner commenced this proceeding.

Relying upon the statement of purpose of the Federal Vocational Rehabilitation Act of 1973 (29 USC ch 16; *see*, 29 USC § 701 [b]), petitioner contends that respondents applied the wrong legal standard by failing to maximize her employment when they declined to provide her with the highest achievable educational credentials prior to her entry into her chosen vocational field. We disagree. In providing the empowerment necessary for petitioner to ultimately achieve maximum employment as generally provided for by the stated purposes of the Rehabilitation Act, there is no requirement that VESID sponsor every possible credential desired by petitioner. Here, the agreed-upon IWRP states that petitioner's goal is social work and, more specifically, therapeutic counseling. The Hearing Officer found that a Master's degree was not required to fully achieve the stated IWRP goal, a determination fully supported by the record.

Petitioner contends that the Master's degree would maximize her employment career opportunities. While such an added credential would certainly commence her career at a higher level, the record fails to show that her achievement of the IWRP goals has not adequately empowered her to ultimately reach those higher levels (*cf., Matter of Polkabla v Commission for Blind & Visually Handicapped*, 183 AD2d 575). Petitioner has failed to establish that her disability precludes continued advancement in her chosen profession. VESID established that the exceptions to its nonfunding of graduate degrees were not present. Accordingly, we confirm respondents' determination as supported by substantial evidence (*see, Matter of Cohen v New York State Educ. Dept.*, 209 AD2d 853). We find no merit to petitioner's remaining contention. The material from outside the record referred to in respondents' determination was gratuitous informational dictum unessential to the resolution of the issues before the Hearing Officer.

Cardona, P. J., White, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.