OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be reversed, with costs, respondents’ determination annulled and the matter remitted to Supreme Court, Jefferson County, with directions to remand to the Jefferson County Department of Social Services for further proceedings in accordance with this memorandum.
Petitioner applied to the Jefferson County Department of Social Services for medical assistance for her infant child, Marissa, contending that she would be "disabled” continuously for at least 12 months from birth. The Regulations of the Department of Social Services define "disability” as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months” (18 NYCRR 360-5.2 [b]). The State *950 Disability Review Team recommended that benefits be denied finding that Marissa had a "medically determinable impairment” but that the impairment did not satisfy the durational requirement — continuous disability for at least 12 months. The Jefferson County Department of Social Services denied assistance based upon that recommendation.
After a fair hearing, Commissioner Perales affirmed the denial of petitioner’s application for medical assistance finding that there was nothing to indicate that the disability would be continuous for at least 12 months. We conclude that the Commissioner’s determination is arbitrary and capricious and not supported by substantial evidence.
The regulations provide that the Commissioner’s decision after a fair hearing must be based "exclusively on the fair hearing record” (18 NYCRR 358-6.1 [a]). At the fair hearing, petitioner testified concerning Marissa’s condition, hospitalization and treatment. She also submitted medical evidence of duration which included two reports of Marissa’s treating physicians indicating that the disability would last for at least 12 months, her continuing medical and hospital bills, a discharge summary from the hospital indicating Marissa’s discharge diagnosis as bronchiolitis, and an interoffice memo of the Jefferson County Department of Social Services reciting that a third treating physician considered Marissa disabled. This evidence satisfied the requirement that petitioner establish prima facie entitlement to benefits based on a disability lasting longer than 12 months.
The evidence submitted by the county at the hearing consisted only of the four reports of the Disability Review Team. They are inconsistent and contradictory in their findings, conclusory in nature and based on evidence not contained in the record. Moreover, they are substantially controverted by the reports of treating physicians and testimony at the fair hearing which prima facie established that Marissa was disabled for a period of 12 continuous months. On this record, respondents’ determination is arbitrary and should be annulled for lack of substantial evidence to support it. The matter should be remanded for the calculation of the appropriate benefits with a direction for payment to petitioner.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Judgment reversed, etc.