■ In the Matter of KATHLEEN POLKABLA, Petitioner, v COMMISSION FOR THE BLIND AND VISUALLY HANDICAPPED OF THE NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents.—In this CPLR article 78 proceeding, transferred by order, Supreme Court, New York County (Edward Greenfield, J.), entered August 20, 1991, the determination of respondent Commission for the Blind and Visually Handicapped of the New York State Department of Social Services ("the Commission"), is unanimously annulled, on the law, and the matter remanded for a *de novo* hearing in accordance with this determination, without costs.

Petitioner, Kathleen Polkabla, who has been blind from birth, challenges a determination of the Commission which, after a hearing on April 27, 1990, denied her request for sponsorship under the Rehabilitation Act of 1973, as amended (29 USC § 701 ["the Act"]), to attend undergraduate college and law school. The primary issue in this appeal is whether the Act mandates that respondents provide petitioner with vocational rehabilitation services designed to enable her to reach the highest achievable vocational goal, or whether it merely mandates, as held by the Administrative Law Judge ("ALJ") "suitable employment" consistent with her ability.

The Act, which in New York State is administered by

respondent Department of Social Services and, as applied to persons who are blind, implemented through its subdivision, the respondent Commission *(see,* McKinney's Uncons Laws of NY § 8701 *et seq.* [L 1913, ch 415, as amended]), was enacted to provide vocational rehabilitation services for persons with disabilities. Its stated goal is to: "[D]evelop and implement, through research, training, services, and the guarantee of equal opportunity, comprehensive and coordinated programs of vocational rehabilitation and independent living, for individuals with handicaps *in order to maximize their employability,* independence, and integration into the workplace and the community." (29 USC § 701 [emphasis added].) In pertinent part, the legislative history of the 1986 amendment to the Act also emphasizes that: "[T]he overall purpose of the Act is to develop and implement comprehensive and coordinated programs of rehabilitation for handicapped individuals which will *maximize their employability,* independence and integration into the workplace and the community. The Committee views the Rehabilitation Act as a comprehensive set of programs designed to meet the broad range of needs of individuals with handicaps in becoming integrated into the competitive workplace and the community and *in reaching their highest level of achievement".* (S Rep No. 388, 99th Cong, 2d Sess 5 [1986] [emphasis added].)

In light of the clear language of the Act and its legislative history, we conclude that the ALJ applied an improper standard in denying petitioner's request for sponsorship to enable her to complete undergraduate studies and attend law school. Rather than assess whether petitioner could maximize her employability by pursuing such a goal, the ALJ held that, although petitioner's career as a paralegal may not be the highest level obtainable by her, it was "suitable employment" and "consistent with her capacities or her abilities and the goal of the [Vocational Rehabilitation] program".

Application of the appropriate standard was required irrespective of petitioner's initial request for sponsorship for paralegal training, which was granted. In making this determination, we are cognizant of the general principle that the construction of a statute by an agency responsible for its administration will be upheld so long as it is not irrational or unreasonable *(Matter of Lower Manhattan Loft Tenants v New York City Loft Bd.,* 104 AD2d 223, 224, *affd* 66 NY2d 298). This rule presupposes, however, that "no constitutional or statutory mandate is violated" *(Matter of Barie v Lavine,*

40 NY2d 565, 569); the court need not accord weight to an agency's statutory interpretation that is in clear violation of the terms of enablement *(Matter of Tze Chun Liao v New York State Banking Dept.,* 74 NY2d 505, 511-512). Moreover, a remedial statute is to be liberally construed *(Lesser v Park 65 Realty Corp.,* 140 AD2d 169, 173, *lv dismissed* 72 NY2d 1042). In short, it is unnecessary to defer to an agency's narrow interpretation of a statute when a broad mandate expressed in the clear language of the statute is contravened *(Matter of SIN, Inc. v Department of Fin.,* 71 NY2d 616, 620).

By this determination, the Court does not address the question of whether the administrative decision was supported by substantial evidence *(see, Matter of Bowley Assocs. v State of New York Ins. Dept.,* 98 AD2d 521, 527, *affd* 63 NY2d 982), since the agency's determination was predicated on the wrong standard. Nor do we reach petitioner's claims for money damages pursuant to 42 USC § 1983, which have not been reviewed on the merits by the IAS court, or those asserting equal protection grounds, which are premature in light of this Court's order entered January 30, 1992, which permitted additional discovery pertaining to that issue.

Accordingly, the determination of the ALJ is annulled and the matter is remanded for further proceedings, without prejudice to petitioner's right to pursue statutory or constitutional remedies. Concur—Ellerin, J. P., Asch, Kassal and Smith, JJ.