■ In the Matter of ARTHUR GOLDSTEIN, Petitioner, v OFFICE OF VOCATIONAL AND EDUCATIONAL SERVICES FOR INDIVIDUALS WITH DISABILITIES OF THE NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents. [605 NYS2d 425] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County), to review respondents' determination which terminated petitioner's cognitive remediation services.

In 1953, petitioner, then 19 years old, suffered a traumatic

brain injury in a motor vehicle accident. As a result of that accident and additional automobile accidents occurring in 1984 and 1985, petitioner suffers from certain cognitive deficiencies, primarily manifested as a memory disorder. In 1987, petitioner sought rehabilitative services from respondent Office of Vocational and Educational Services for Individuals with Disabilities (hereinafter VESID). Following medical examinations and a neuropsychological evaluation, petitioner was ruled eligible for VESID services on March 25, 1988. In May 1988, petitioner began recommended cognitive perceptual remediation at the Rusk Institute of Rehabilitation Medicine (hereinafter IRM) in New York City. An individualized written rehabilitation program was written for petitioner and periodically amended during the course of his treatment.

By September 1988, a number of problems had surfaced. A diagnostic vocational evaluation performed in June 1988 had disclosed a variety of deficits, including poor organizational skills, impulsivity and low frustration tolerance, inappropriate work behaviors and negative emotional factors. Most fundamental was the fact that petitioner "was preoccupied with the belief that an improved memory would allow him to overcome his other cognitive learning and performance difficulties and that use of compensory strategies meant the acceptance of the permanence of his disability". Simply stated, petitioner did not want to adjust to his memory deficit; rather, he wanted his deficit to be "cured". It was recommended that petitioner participate in a vocational program in conjunction with cognitive retraining so that he could apply the cognitive retraining techniques in an actual work setting. However, petitioner continued to cling to the belief that his memory problem could be cured.

The situation deteriorated to the point where on May 2, 1990, IRM set certain conditions petitioner would have to accept if treatment were to continue. Petitioner refused to accept the conditions and indicated that he did not want to continue treatment at IRM. Instead, he sought to have VESID sponsor him in another cognitive remediation program headed by Jason Brown, a neurologist at New York University Medical Center. Petitioner's VESID counselor, Elena Bernstein, investigated Brown's program and other possible services and decided to deny petitioner's request. Further, based on Bernstein's conclusion that VESID funds were not available to petitioner because he had not moved toward the achievement of a vocational goal and because she could not find a program that Medicare would finance, she recommended that petition-

er's case be closed. Following an evidentiary hearing and unsuccessful administrative review, petitioner commenced this CPLR article 78 proceeding to review the determination to refuse VESID sponsorship of the Brown program and the denial of further cognitive services to petitioner.

We are not persuaded by petitioner's primary contention, that there is not substantial evidence in the record to support respondents' determination. We reject the argument that the Hearing Officer was required to accept the opinion expressed in affidavits of petitioner's medical experts over Bernstein's hearing testimony as to her professional judgment concerning petitioner's rehabilitation. Petitioner's reliance upon the case of *Matter of Compo v Perales* (76 NY2d 948) in this regard is clearly misplaced. In that case, the issue concerned the duration of a medical assistance recipient's disability by reason of a "medically determinable * * * impairment" *(see, supra,* at 949). The Court of Appeals annulled a determination adverse to the recipient that was based solely upon four reports of a county social services disability review team found to be "inconsistent and contradictory in their findings, conclusory in nature and based on evidence not contained in the record [and that were] substantially controverted by the reports of treating physicians and testimony at the fair hearing" *(supra,* at 950). In contrast, the issue of appropriate VESID funding of rehabilitation programs is by no means a pure medical question and it was well within Bernstein's expertise as a rehabilitation counselor to state her opinion on the issue *(see,* 29 USC § 720 [a] [3] [E]; § 721 [a] [7] [A], [B]; 34 CFR 361.14). The Hearing Officer was also entitled to credit Bernstein's testimony that she discounted the opinions of petitioner's experts because neither of them had contacted IRM to determine the type of treatment petitioner had already received and whether progress had been made. Further, petitioner's entire treatment team at IRM, including two physicians, concurred in the decision to terminate the current program due to petitioner's unwillingness to work with them. Notably, the question was not whether petitioner was an appropriate candidate for continued services; rather, the question was whether VESID should be required to fund the program selected and dictated solely by petitioner. We conclude that Bernstein's detailed testimony, supported by the documentary evidence and the opinion of other treating specialists, provided substantial evidence to support respondents' determination.

Petitioner's remaining contentions do not warrant extended discussion. First, 29 USC § 720 (a) (3) (C), which insures that

individuals be permitted to actively participate and make meaningful choices, does not allow them *complete* control over their programs. Second, petitioner was not denied services because he failed to identify a specific vocational goal. Rather, it was the Hearing Officer's determination that services should be denied because of petitioner's failure to specify a vocational goal *and* because he "clearly expressed his wishes to obtain maximum benefit from a computer-oriented cognitive training program before identifying a vocational goal". Third, 8 NYCRR 247.10 (f) (3) has no bearing in this case because petitioner's services were not terminated "on the basis of a determination that [he was] not capable of achieving a vocational objective and [was] therefore no longer eligible" (8 NYCRR 247.10 [f]). Finally, in view of our determination, we need not consider the issues of whether petitioner has a private cause of action under Title I of Rehabilitation Act of 1973 (29 USC § 720 *et seq.*) or whether he has a claim pursuant to 42 USC § 1983.

Petitioner's remaining contentions have been considered and rejected.

Mikoll, J. P., Yesawich Jr., Crew III and Cardona, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.