[643 NYS2d 752]

In the Matter of JOELLE SINGER, Petitioner, v LAWRENCE C. GLOECKLER, as Deputy Commissioner for Vocational and Educational Services for Individuals with Disabilities, et al., Respondents.

Third Department, June 13, 1996

### APPEARANCES OF COUNSEL

*William F. Mastroleo,* Buffalo, for petitioner.

*Dennis C. Vacco, Attorney-General,* Albany *(Julie S. Mereson* of counsel), for respondents.

### OPINION OF THE COURT

PETERS, J.

Petitioner, diagnosed with cerebral palsy, attended Edinboro University of Pennsylvania (hereinafter Edinboro) under sponsorship of the State Office of Vocational and Educational Services for Individuals with Disabilities (hereinafter VESID). Such enrollment was to pursue petitioner's vocational plan, as reflected in her individualized written rehabilitation program (hereinafter IWRP; *see,* 8 NYCRR 247.10), to pursue a Bachelor's degree in social work.[1]

Petitioner completed the fall 1990 semester at Edinboro yet experienced severe problems transitioning from home life to independent living. Due to the stress so created, compounded by medical problems, she attained an over-all grade point average of only 1.25 for the semester.

---

1. VESID funded enrollment in Edinboro primarily because there were no barrier-free schools convenient to petitioner located in New York which offered the type of academic program combined with personal care attendant services to accommodate petitioner's disabilities.

Petitioner returned to Edinboro in January 1991 but withdrew because her medical problems persisted. It was ultimately recommended by Bob McConnel of the Disabled Student Service at Edinboro that petitioner participate in the United Community Independent Living Skills Program in Meadville, Pennsylvania (hereinafter the Meadville program) prior to her reenrollment at Edinboro. Petitioner's occupational therapist at Edinboro, as well as her rehabilitation counselor there, agreed with this recommendation.

Petitioner thus contacted her vocational rehabilitation counselor at VESID to request funding for the Meadville program. VESID denied petitioner's request, contending that the program was not primarily vocational and was therefore outside of the services which VESID was authorized to provide. After continued unsuccessful efforts, petitioner requested a fair hearing challenging VESID's determination. The Hearing Officer found, in a decision dated May 30, 1992, that the Meadville program was an appropriate adjunct to petitioner's IWRP and therefore ordered that the IWRP be amended to include a 15-week placement therein, contingent upon petitioner's acceptance for reenrollment at Edinboro.

Respondent Deputy Commissioner of VESID, upon review (see, 8 NYCRR 247.3 [n]), annulled the determination as contrary to law, citing three independent reasons. First, the Deputy Commissioner found that since 8 NYCRR 247.10 (d) (3) provides that the IWRP must include a recitation of the specific vocational rehabilitation services to be provided, the Hearing Officer was without authority to order VESID to place petitioner into the requested program without the specification of services that would be provided. Next, as the Meadville facility was not an approved vendor of services pursuant to 8 NYCRR 247.15, VESID was not authorized to fund participation in that program. Finally, the Deputy Commissioner found that since the primary services of the Meadville program concerned the attainment of independent living skills and that such services are treated separately pursuant to the Federal Rehabilitation Act of 1973 (29 USC § 701 et seq.), New York requires that those services be funded separately by centers other than VESID (see, Education Law § 1121 et seq.). The Deputy Commissioner did, however, direct VESID's staff to immediately

meet with petitioner to facilitate an appropriate referral.[2] Petitioner now appeals.

Pursuant to 8 NYCRR 247.3 (n), the Deputy Commissioner is empowered to review a determination of a Hearing Officer. Yet, a decision may only be reversed or modified by the Deputy Commissioner if, "based on clear and convincing evidence * * * the decision * * * is clearly erroneous on the basis of being contrary to Federal or State law, including policy" (29 USC § 722 [d] [3] [C] [i]). Upon our review of the record herein and the applicable law, we confirm.

Indisputably, the requested program in Meadville is not an approved vendor of rehabilitation services. Therefore, VESID is not authorized to contract with it to provide such services (see, 8 NYCRR 247.15 [c] [6]). While petitioner contends that vendor status was not at issue until the hearing and that 8 NYCRR 247.15 (c) (7) provides for the temporary approval of such vendors, the premature direction by the Hearing Officer to place petitioner into that program, without reviewing whether a temporary approval would be appropriate under the circumstances, was properly found by the Deputy Commissioner to be contrary to law.

We further agree that the Hearing Officer's determination to amend petitioner's IWRP only to mandate her placement into the Meadville program for 15 weeks without the required specification as to the vocational rehabilitation services which such program could provide to facilitate petitioner's vocational goal was contrary to the requirements of 8 NYCRR 247.10 (d) (3).[3]

Finally, we find sufficient proof in the record to support the Deputy Commissioner's determination that the predominant focus of the Meadville program is the provision of independent living services which are treated separately in New York under Education Law article 23-A, entitled "SERVICE CENTERS FOR INDEPENDENT LIVING". As part of New York's Federally approved plan, the funding for these services is separate from the funds available to VESID for vocational rehabilitation (see, Education Law § 1121 et seq.; 8 NYCRR 248.3, 248.4; see also, 29 USC § 796e). While we recognize that the regulations authorize a waiver for out-of-State training under certain well-defined cir-

2. At no time did the Deputy Commissioner make any determination as to the suitability of the Meadville program.

3. The Hearing Officer should have remitted this case back to the agency for an evaluation of such program as opposed to directing VESID to sponsor petitioner's participation therein.

cumstances (*see,* 8 NYCRR 247.13 *[l]* [2] [vi]), we find sufficient evidence in the record to support the determination that a waiver was not necessary. Acknowledging that the Federal Rehabilitation Act of 1973 (29 USC § 701 *et seq.*) encourages active participation by individuals with disabilities to make meaningful choices to help achieve their vocational goals (*see,* 29 USC § 720 [a] [3] [C]), we must recognize that there is no concomitant right to demand participation in programs not offered by VESID to actualize such goals when other authorized services addressing such needs can be provided (*see generally, Matter of Goldstein v Office of Vocational & Educ. Servs. for Individuals with Disabilities,* 199 AD2d 766, 768-769).

Accordingly, we confirm the Deputy Commissioner's determination.

CREW III, J. P., WHITE, YESAWICH JR. and SPAIN, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.