[645 NYS2d 596]

In the Matter of MIA ODOM, Appellant, v OFFICE OF VOCATIONAL AND EDUCATIONAL SERVICES FOR INDIVIDUALS WITH DISABILITIES OF THE NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents.

Third Department, July 18, 1996

APPEARANCES OF COUNSEL

*Ruth Lowenkron,* New York City, for appellant.

*Dennis C. Vacco, Attorney-General,* Albany *(Frank K. Walsh* of counsel), for respondents.

## OPINION OF THE COURT

PETERS, J.

Petitioner is an individual with cerebral palsy and learning disabilities, as well as an orthopedic impairment requiring the use of hand crutches. Upon receiving her high school diploma in June 1992, petitioner and her mother researched several vocational rehabilitation programs, including the Vocational Independence Program at New York Institute of Technology (hereinafter VIP). They determined that VIP was the only appropriate program that met petitioner's needs.

Ultimately accepted by VIP, she applied to respondent Office of Vocational and Educational Services for Individuals with Disabilities (hereinafter VESID) for financial sponsorship. In August 1992, petitioner was informed that VESID would not sponsor her enrollment at VIP because it was not an approved program. Petitioner nevertheless attended VIP in the fall of 1992 and sought a fair hearing to challenge VESID's denial of sponsorship. As a result thereof, the Hearing Officer found that pursuant to 8 NYCRR 246.6 and 247.15, VESID was only required to use "appropriate vendors". Since he found VIP to be entirely appropriate for petitioner's needs, he ordered VESID to sponsor her attendance there and reimburse her for all expenses paid from the date of her matriculation.

By letter dated April 22, 1994, respondent Deputy Commissioner for VESID reversed the Hearing Officer's determination as clearly erroneous since it was contrary to the regulations of the Commissioner of Education, which require that a vendor must first be approved before it provides services which can be paid for by VESID *(see,* 8 NYCRR 247.15 [c] [6]). The Deputy Commissioner did, however, find petitioner to be eligible for VESID services and programs and therefore recommended that she meet with its staff to complete an Individualized Writ-

ten Rehabilitation Program (hereinafter IWRP) "to determine a mutually agreeable vocational plan including the selection of an approved training program, if necessary, to meet * * * [her] employment needs".

Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 challenging not only respondents' refusal to fund petitioner's participation in the VIP program, but also to grant VIP approved-vendor status. Supreme Court held, *inter alia*, that the Deputy Commissioner did not err in denying petitioner reimbursement for a nonapproved program and, as to the challenge to VESID's review of VIP as an approved vendor, that petitioner lacked standing to litigate that issue. Petitioner now appeals.

As we recently stated in *Matter of Singer v Gloeckler* (219 AD2d 362), the Deputy Commissioner is empowered to review a Hearing Officer's determination pursuant to 8 NYCRR 247.3 (n), yet may only reverse or modify such determination if " 'based on clear and convincing evidence * * * the decision * * * is clearly erroneous on the basis of being contrary to Federal or State law, including policy' " (*supra*, at 365, quoting 29 USC § 722 [d] [3] [C] [i]). Upon our review herein, we find that there was clear and convincing evidence for the Deputy Commissioner to conclude that the Hearing Officer's determination was clearly erroneous.

Contrary to the determination of the Hearing Officer that the controlling regulations only require the use of "appropriate" vendors, we find 8 NYCRR 247.15 (c) (6) to mandate that a vendor must first be approved before payment may be made by VESID for services provided to its client (*see, Matter of Singer v Gloeckler, supra*). Even 8 NYCRR 247.15 (c) (7), providing for the temporary approval of vendors prior to the formal vendor-approval process, would be inapplicable to VIP since such program had previously applied for approval by VESID and had been rejected. All other references made by the Hearing Officer to support his conclusion that only "appropriate" vendors are mandated have been reviewed by us and have been found to be inapposite.*

Petitioner's reliance on *Florence County School Dist. Four v Carter* (510 US 7) to support her assertion that placement in a nonapproved program must be upheld if it meets the needs of

---

* The Hearing Officer's reliance upon 8 NYCRR 247.15 (c) (8) is misplaced since it provides VESID with the opportunity to revoke the prior *approval* of a vendor, as is his reliance upon 8 NYCRR 246.6 since VIP is not a rehabilitation facility.

the child is also misplaced. There, the parents first met with public school officials to allow them to devise an individualized education program for their learning-disabled child. Upon the school's completion thereof, both the parents and the United States Supreme Court found such program unsatisfactory (see, supra). Only after a determination that the public school's proposed educational plan for this child was so inadequate that it violated the mandates of the Individuals with Disabilities Education Act (20 USC § 1400 et seq.) was the parents' unilateral placement of such child in a nonapproved private school found to be appropriate. Here, petitioner never worked with respondents in developing an IWRP which, in specifying petitioner's vocational rehabilitation needs, could have provided a basis to determine whether VIP was the only appropriate facility and whether, as petitioner contends, the failure to place her there violated the Federal Rehabilitation Act of 1993 (29 USC § 720 et seq.).

Since the determination that VIP is the only suitable program was made solely by petitioner and her mother, even "[a]cknowledging that the Federal Rehabilitation Act of 1973 * * * encourages active participation by individuals with disabilities to make meaningful choices to help achieve their vocational goals * * * we must [emphasize] that there is no concomitant right to demand participation in programs not offered by VESID to actualize such goals when other authorized services addressing such needs can [or may] be provided" (Matter of Singer v Gloeckler, supra, at 366).

Hence, until it can be conclusively determined that VIP is, in fact, the only appropriate program for petitioner, we must conclude that the current challenge to VESID's refusal to sponsor her there is premature. For these same reasons, we find that Supreme Court correctly determined that petitioner, as a potential recipient of government services, does not have a legally cognizable interest in her freedom to choose a particular provider of services (see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, 69 NY2d 406, 413) and therefore does not have standing to challenge VESID's refusal to certify VIP as a provider (see, Kelly Kare v O'Rourke, 930 F2d 170, 178, cert denied 502 US 907).

As to all other contentions raised, we have reviewed them and find them to be without merit. The judgment of Supreme Court is affirmed in its entirety.

MIKOLL, J. P., MERCURE, CREW III and YESAWICH JR., JJ., concur.

Ordered that the judgment is affirmed, without costs.