■ In the Matter of SHARON BARBEE, Petitioner, v OFFICE OF VOCATIONAL AND EDUCATIONAL SERVICES FOR INDIVIDUALS WITH DISABILITIES OF THE NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents. [650 NYS2d 488] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondents which denied petitioner's request for sponsorship in a vocational education program.

Petitioner, a resident of the City of Mount Vernon, Westchester County, is severely learning disabled. She has been a consumer of respondent Office of Vocational and Educational Services for Individuals with Disabilities (hereinafter VESID) since 1989. Because she felt that her prior training for a position as a cafeteria cashier was not properly matched to her cognitive abilities, in May 1994 petitioner applied for VESID sponsorship of a vocational plan to prepare her for a career in child care or care for the elderly. Petitioner expressed her preference for a program at the Para-Educator Center for Young Adults (hereinafter PEC) at New York University, intended to prepare severely learning disabled young adults for careers in human services. In July 1994, VESID denied petitioner's request for sponsorship of the PEC program but recommended three other programs that would permit petitioner to develop a plan designed for her particular needs, with services including evaluation, training, vocational counseling, on-the-job training, internship and supported employment.

Petitioner appealed VESID's determination and in the meantime enrolled in the PEC program in September 1994 absent VESID sponsorship. VESID's decision was upheld on initial administrative review; however, following an October 1994 fair hearing conducted pursuant to 8 NYCRR 247.3, a Hearing Officer reversed VESID's determination, finding that "continued sponsorship in the [PEC] Program is appropriate for [petitioner]" and directing that "VESID continue to fund [petitioner's] enrollment in that program for the school year ending June 1995". Upon further review, respondent Acting Assistant Commissioner for VESID (hereinafter respondent) annulled the Hearing Officer's decision upon a finding of clear and convincing evidence that the determination was contrary to State Administrative Procedure Act § 306, 8 NYCRR 247.3 (l) (2), Rehabilitation Act of 1973 § 102 (b) (29 USC § 722 [b]) and VESID's policy on consumer involvement in jointly developing the individualized written rehabilitation program

(hereinafter IWRP). Petitioner challenges respondent's determination in this CPLR article 78 proceeding, transferred to this Court pursuant to CPLR 7804 (g).

Initially, contrary to petitioner's primary contention that there is substantial evidence in the record to support the Hearing Officer's determination, the issue properly to be determined by this Court is whether there is substantial evidence supporting respondent's determination on clear and convincing evidence that the decision of the Hearing Officer is "clearly erroneous on the basis of being contrary to Federal or State law, including policy" (29 USC § 722 [d] [3] [C] [i]; *see*, 8 NYCRR 247.3 [n]; *Matter of Chirico v Office of Vocational & Educ. Servs. for Individuals with Disabilities*, 211 AD2d 258, 261, *lv denied* 86 NY2d 705). We conclude that there is.

First, there is no question that the Hearing Officer based his decision upon the patently erroneous assumption that VESID originally agreed to sponsor petitioner's enrollment in the PEC program and later withdrew its approval because the program was changed from a two-year course to a one-year course. In reality, the record showed that VESID never approved the PEC program and that its disapproval was not based upon the length of the program. We are not persuaded by petitioner's effort to dismiss this error as harmless; rather, we agree with respondent that the error was significant because it presupposed VESID's original determination that the program was appropriate for petitioner. Under the circumstances, there is ample support for respondent's determination that the Hearing Officer violated the requirements of State Administrative Procedure Act § 306 and 8 NYCRR 247.3 (*l*) that his decision be supported by the evidence presented at the hearing.

Second, the record supports respondent's finding that the Hearing Officer's decision is contrary to the requirement that an IWRP be jointly developed by the eligible individual and the vocational rehabilitation counselor or coordinator (29 USC § 722 [b]) and VESID's policy concerning consumer involvement (*see*, VESID Policy Handbook § 100.00). The record clearly supports respondent's finding that petitioner enrolled in the PEC program before an IWRP was developed, without giving adequate consideration to the alternative programs that had been recommended for her and after she had been advised that VESID was not willing to sponsor her at PEC. As stated in VESID Policy Handbook § 100.00: "While individuals are encouraged to actively participate and make meaningful choices, consumer choice does not mean that they have *complete* control over their programs. Vocational rehabilita-

tion counselors must also apply their professional judgement; applicable laws, regulations, and policies; sound planning considerations; and responsible use of public funds. Services must lead directly to employment objectives that are realistic, timely and attainable within the fiscal constraints of the program. This means that VESID will only support the most cost-effective option that leads to the individual's vocational goal and to meeting the individual's needs. Cost effectiveness is measured by comparing cost, level of integration, duration, quality, timeliness, proximity and appropriateness of service options to meet the individual's needs" (emphasis in original). Here, as in *Matter of Goldstein v Office of Vocational & Educ. Servs. for Individuals with Disabilities* (199 AD2d 766), "the question was not whether petitioner was an appropriate candidate for continued services; rather, the question was whether VESID should be required to fund the program selected and dictated solely by petitioner" (*supra*, at 768).

Yesawich Jr., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.