■ In the Matter of JENNIFER P. TOURVILLE, Appellant, v OFFICE OF VOCATIONAL AND EDUCATIONAL SERVICES FOR INDIVIDUALS WITH DISABILITIES, NEW YORK STATE EDUCATION DEPARTMENT, et al., Respondents. [663 NYS2d 368] —Crew III, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered May 3, 1996 in Albany County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment to, *inter alia*, review a determination of respondents denying petitioner's request for sponsorship in a vocational education program.

Petitioner is a graduate of the State University of New York at Brockport with a Bachelor's degree in communications. In 1993, she applied for counseling, training and job placement services from respondent Office of Vocational and Educational Services for Individuals with Disabilities (hereinafter VESID) and was found eligible. Numerous employment opportunities were identified by VESID but declined by petitioner for various reasons and, ultimately, petitioner ceased all employment efforts because she did not wish to jeopardize her pending application for Social Security disability benefits.

Thereafter, petitioner decided to pursue a career as an attorney, ceased working with VESID toward establishing an individualized written rehabilitation program (hereinafter IWRP), applied for admission to several law schools and insisted that VESID fund her postgraduate education. VESID refused to fund petitioner's law school education, which decision was upheld upon initial administrative review. Following a fair hearing, the Hearing Officer reversed VESID's determination, concluding that VESID was required to assist petitioner in maximizing her employment and directing that petitioner

and VESID develop an agreed-upon IWRP with law school graduation as an intermediate goal. Upon further review, a designee of respondent Deputy Commissioner of Education for VESID annulled the Hearing Officer's determination finding, upon "clear and convincing evidence", that said determination was "clearly erroneous on the basis of being contrary to Federal or State law, including policy" (29 USC § 722 [d] [3] [C] [i]; 8 NYCRR 247.3 [n]), in that, *inter alia*, petitioner failed to cooperate with VESID in jointly developing an IWRP.

Petitioner thereafter commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment challenging that determination. Supreme Court dismissed the petition and declared that VESID was not obligated to fund petitioner's law school education. Petitioner now appeals.

We affirm. A review of the record supports the finding that the Hearing Officer's decision is contrary to the requirement that an IWRP be jointly developed by petitioner and her vocational rehabilitation counselor or coordinator (*see*, 29 USC § 722 [b]; VESID Policy Handbook § 206.00). Here, petitioner simply withdrew from that process, unilaterally determined that law school was her goal and demanded that VESID fund that goal. Petitioner's position is amply reflected in her hearing testimony where she states, "I am allowed to choose what career I want, and that's the way it is. And that's according to federal law." Contrary to petitioner's position, VESID is not required to fund a program selected and dictated solely by her (*see*, *Matter of Barbee v Office of Vocational & Educ. Servs. for Individuals with Disabilities*, 234 AD2d 646). Petitioner's remaining contentions have been examined and found to be lacking in merit.

*Mikoll, J. P., White, Yesawich Jr. and Spain, JJ.*, concur. Ordered that the judgment is affirmed, without costs.