■ In the Matter of TRACY L. MURPHY, Appellant, v OFFICE OF VOCATIONAL AND EDUCATIONAL SERVICES FOR INDIVIDUALS WITH DISABILITIES, NEW YORK STATE EDUCATION DEPARTMENT, et al., Respondents. [663 NYS2d 365] —Crew III, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered May 3, 1996 in Albany County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, *inter alia,* review a determination of respondents denying petitioner's request for sponsorship in a vocational education program.

Petitioner, having been found eligible for services under the Rehabilitation Act of 1973, as amended (*see,* 29 USC § 701 *et*

*seq.*), entered into an agreed-upon individualized written rehabilitation program (hereinafter IWRP) with respondent Office of Vocational and Education Services for Individuals with Disabilities (hereinafter VESID) with a stated employment goal of "Legal Services and Related". In accordance with the IWRP, VESID provided petitioner with various services, which included funding for her Baccalaureate degree in history and government from Columbia College.

Prior to her graduation from Columbia, petitioner requested that VESID amend her IWRP to reflect her employment goal as an attorney and fund her law school education. VESID declined to sponsor petitioner's law school education, which decision was upheld upon administrative review. Following a fair hearing, the Hearing Officer upheld the initial determination and respondent Deputy Commissioner of Education for VESID declined to review the Hearing Officer's decision. Petitioner thereafter commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment challenging that determination. Supreme Court dismissed the petition and declared that VESID was not obligated to fund petitioner's law school education, and petitioner now appeals.

Petitioner contends that the Rehabilitation Act of 1973 mandates that VESID maximize her employment opportunities by providing her with the highest achievable educational credentials in order for her to qualify for her chosen professional career objective. We disagree. Here, petitioner and her counselor arrived at an agreed-upon IWRP signed by petitioner, which called for, among other things, attendance at Columbia with a Baccalaureate degree as the intermediate objective. Notably, the IWRP had as its ultimate goal petitioner's employment in the legal field, not attendance at law school. Indeed, petitioner's notations at the end of her IWRP indicate that she and her counselor decided "that the best way to achieve [her] ultimate goal was to obtain [her] bachelor's degree and then work in a related field, preferably a local law firm, while saving money for further education". Nothing in the record suggests that the goal established in petitioner's IWRP has not been satisfied and, as such, VESID properly closed petitioner's case.

In our view, our decision in this matter is entirely consistent with the notion that the Rehabilitation Act contemplates vocational services that will help an individual reach his or her "highest level of achievement" (*see generally, Matter of Chirico v Office of Vocational & Educ. Servs. for Individuals with Disabilities,* 211 AD2d 258, 261, *lv denied* 86 NY2d 705). Here,

VESID and petitioner crafted an IWRP for the purpose of making petitioner employable in the field of legal services on a footing equal with nondisabled persons in the same field. Nothing in the record suggests this has not occurred. Indeed, petitioner is now in a position to reach her highest level of achievement, law school. And, like her nondisabled counterparts who may harbor the same ambition, she will have to seek various avenues of financing to achieve that goal, such as student loans, grants, scholarships and/or work-produced savings. VESID is not and should not be compelled to fund that effort inasmuch as its funds are finite. As we previously held in *Matter of Romano v Office of Vocational & Educ. Servs. for Individuals with Disabilities* (223 AD2d 829), "[i]n providing the empowerment necessary for petitioner to ultimately achieve maximum employment as generally provided for by the stated purposes of the Rehabilitation Act, there is no requirement that VESID sponsor every possible credential desired by petitioner" (*id.*, at 830; *see*, VESID Policy Handbook § 1360.00). Petitioner's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.