■ JENNIE KUPPERSMITH et al., Appellants, v MICHAEL DOWLING, as Commissioner of the New York State Department of Social Services, et al., Respondents. [668 NYS2d 381] —Order, Supreme Court, New York County (Walter Schackman, J.), entered March 14, 1994, which denied petitioners' motion for a preliminary injunction and, order, same court and Justice, entered August 13, 1996, which denied petitioners' motion for partial summary judgment on the issue of the appropriate weight to be given to the opinions of treating doctors and agency consultant doctors in determining home care to be given to Medicaid patients, and granted respondents' cross motions for summary judgment, *inter alia*, upholding the physician's order form on which the physician indicates whether the Medicaid patient needs assistance performing certain tasks, and upholding the State Department of Social Services regulations and policies instructing the physician not to recommend the number of hours of Medicaid-paid personal care services for the applicant, unanimously affirmed, without costs.

Supreme Court properly upheld the challenged regulation

(18 NYCRR 505.14 [b]) as not "'arbitrary, capricious, or manifestly contrary to the statute'" (*Farley v Sullivan*, 983 F2d 405, 407). The Medicaid Act (42 USC 1396) confers "broad discretion" on participating States to determine the extent of services that are "'reasonable'" and "'consistent with the objectives'" of the Medicaid Act (*Beal v Doe*, 432 US 438, 444), including the scope and duration limitations of coverage, provided such are in the best interests of the recipients (*see, Alexander v Choate*, 469 US 287, 303). The amount of personal care services is not determined solely by the treating physician, but rather by the social services official "with the advice of a physician" (Social Services Law § 365-a [1]), in conjunction with assessments performed by the local social services department (18 NYCRR 505.14 [b] [2]). Home care assessments involve more than medical determinations, and a social services agency is entitled to rely upon the views of its personnel, even in the face of conflicting medical evidence (*see, Matter of Denise R. v Lavine*, 39 NY2d 279, 283). Thus, since neither the Medicaid laws nor due process mandates the imposition of a "treating physician's rule" as to the number of hours of personal care services, the court properly upheld that portion of the regulation (18 NYCRR 505.14 [b] [3] [i] [a] [3]) that forbids treating physicians from informing the agency regarding the number of hours of personal home care services needed by the patient. Inasmuch as the court's determination was based upon issues of law, there is no basis to remand this matter for a fact-finding hearing. Concur—Sullivan, J. P., Ellerin, Tom and Andrias, JJ.