■ In the Matter of DIANA EHLINGER, Petitioner, v BARBARA DEBUONO, as Commissioner of the New York State Department of Social Services, et al., Respondents. [671 NYS2d 291] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Barbara DeBuono, Commissioner of the New York State Department of Social Services, dated July 10, 1996, which, after a hearing, terminated authorization for payment of certain transportation services under the Medical Assistance program.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

There is substantial evidence to support the determination by the respondent Commissioner of the New York State Department of Social Services (hereinafter the agency) that authorization for the payment of daily taxi service to the petitioner's methadone clinic was not "essential" (*see*, Social Services Law § 365-a [2] [j]; 18 NYCRR 505.10 [a]) in light of the availability of public bus service.

At the fair hearing, the agency was presented with a choice between conflicting medical reports regarding whether the petitioner's condition necessitated the use of taxi service, as opposed to public bus service, and "it is not the province of the court to substitute its judgment unless the agency's determination is unreasonable or without a basis in law" (*Matter of Denise R. v Lavine*, 39 NY2d 279, 283; *see also, Matter of Bentley v Perales*, 103 AD2d 1005). The agency's reliance on the opinion of the consulting physician was reasonable under the circumstances. Contrary to the petitioner's contention, the agency was not required to accept the opinion of the treating physician as controlling on this issue (*see, e.g., Kuppersmith v Dowling*, 246 AD2d 473; *cf., Matter of Compo v Perales*, 76 NY2d 948). O'Brien, J. P., Copertino, Joy and Altman, JJ., concur.