■ In the Matter of Cynthia Campbell, Petitioner, v Office of Vocational and Educational Services for Individuals with Disabilities, New York State Education Department, et al., Respondents. [682 NYS2d 694] —Graffeo, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Office of Vocational and Educational Services for Individuals with Disabilities, which denied petitioner's request for services and financial aid in connection with her pursuit of a doctoral degree.

Petitioner, who is hearing impaired, began receiving financial aid and services in May 1993 from respondent Office of Vocational and Educational Services for Individuals with Disabilities (hereinafter VESID) pursuant to title I of the Rehabilitation Act of 1973 (29 USC § 701 *et seq.*) (hereinafter the Act). VESID provided tuition, books and other school-related expenses in connection with petitioner's study to become a "Public Relations Representative" pursuant to her individualized written rehabilitation program (hereinafter IWRP). Upon petitioner's completion of her Bachelor's degree, she requested a change in her vocational goal and her VESID counselor agreed to amend her IWRP to reflect her new aim of becoming an "Instructor in Speech Communication". Financial assistance was authorized for petitioner to obtain her Master's degree in speech communication. Prior to completion of her Master's studies at Syracuse University, petitioner sought further financial assistance for doctoral studies, a request which VESID denied on the basis that she had received the training and skills necessary for competitive employment in her chosen field as a speech communication instructor.

At the conclusion of an administrative hearing held at petitioner's request in April 1997, the Hearing Officer ruled that VESID was not required to provide financial aid for petitioner's doctoral education. Petitioner thereafter com-

menced this CPLR article 78 proceeding challenging VESID's determination. By order of Supreme Court, the proceeding was transferred to this Court.

Title I of the Act was enacted to provide "vocational rehabilitation services for individuals with disabilities, consistent with their strengths, resources, priorities, concerns, abilities, and capabilities, so that such individuals may prepare for and engage in gainful employment" (29 USC § 720 [a] [2]). In order to receive benefits, the applicant and a VESID counselor prepare an IWRP to establish a definite goal which is updated annually (29 USC § 722 [b]; *see, Matter of Tourville v Office of Vocational & Educ. Servs. for Individuals with Disabilities, N. Y. State Educ. Dept.*, 243 AD2d 961), and VESID is vested with the authority to make final determinations as to the IWRP's contents (*see, Murphy v Office of Vocational & Educ. Servs. for Individuals with Disabilities, N. Y. State Educ. Dept.*, 92 NY2d 477). Petitioner contends that pursuant to this statute, she is entitled to receive financial assistance to obtain the highest degree of educational credentials of which she is capable (i.e., doctorate) to maximize her career aspirations. We disagree.

The Act requires VESID to provide financial assistance to eligible individuals for the purpose of empowerment "by 'providing them with the tools' and placing them in a position, competitive to that of non-disabled peers, so they might have the equal opportunity to achieve 'maximum employment'" (*Matter of Murphy v Office of Vocational & Educ. Servs. for Individuals with Disabilities, N. Y. State Educ. Dept., supra*, at 486; *see,* 29 USC §§ 701, 720; *Matter of Romano v Office of Vocational & Educ. Servs. for Individuals with Disabilities, N. Y. State Educ. Dept.*, 223 AD2d 829; *compare, Matter of Chirico v Office of Vocational & Educ. Servs. for Individuals with Disabilities*, 211 AD2d 258, *lv denied* 86 NY2d 705). Here, VESID properly found that petitioner had obtained an appropriate educational background for a speech communication instructor, which was the field identified in her revised IWRP. Although petitioner's expert witness, a professor in the Department of Speech Communication and Assistant Dean to Graduate Student Services in the College of Visual and Performing Arts at Syracuse University, opined that a doctorate would advance employment opportunities for a tenure-line professorship at certain colleges or universities, he acknowledged that a Master's degree was sufficient for employment as an instructor in speech communications (*see, Romano v Office of Vocational and Educ. Servs. for Individuals with Disabilities, N. Y. State Educ. Dept., supra*, at 830).

Based on our review of the record, we determine there was substantial evidence before the Hearing Officer to conclude that petitioner has been "adequately empowered" to reach her employment goals identified in the IWRP. Although a doctorate would enhance petitioner's employment opportunities, VESID is not compelled to "sponsor every possible credential desired by petitioner" (*Matter of Murphy v Office of Vocational & Educ. Servs. for Individuals with Disabilities, N. Y. State Educ. Dept., supra*, at 486, quoting *Matter of Romano v Office of Vocational & Educ. Servs. for Individuals with Disabilities, N. Y. State Educ. Dept., supra*, at 830). A further indication that petitioner has been placed on "equal footing" with nondisabled counterparts is manifested by the fact that petitioner has been granted a full tuition fellowship to pursue her doctoral studies at the State University of New York. We find that the goals of the Act have been satisfied and that VESID's denial of further benefits was, therefore, proper.

Mercure, J. P., White, Spain and Carpinello, JJ., concur. Ordered that the determination is confirmed, without costs, and petition dismissed.